UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ST. CLAIRE DREKA,

Plaintiff,

Case No.: 6:26-CV-01016-CEM-RMN

v.

JOAN ANTHONY, in her individual capacity,
and FLORIDA DEPARTMENT OF CHILDREN AND FAMILIES,
 a public entity

Defendants.

Jury Trial Demanded

## COMPLAINT FOR DECLARATORY, INJUNCTIVE, AND MONETARY RELIEF

(ADA Title II; 42 U.S.C. § 1983 — Procedural Due Process; Access to Courts;
Structural Judicial Conflict; State-Created Danger)

Plaintiff seeks no monetary relief from the State of Florida or any agency.

1

## I. INTRODUCTION

Plaintiff brings this action to remedy ongoing violations of her federal rights arising from the conduct of Defendant, Anthony, a state judicial officer who presided over Plaintiff's dependency and termination-of-parental-rights ("TPR") proceedings while simultaneously serving as a named defendant in Plaintiff's federal civil-rights action. Plaintiff alleges the Defendant Anthony's dual status created a structural judicial conflict and resulted in the denial of a neutral tribunal, meaningful access to the courts, and the accommodations required under Title II of the Americans with Disabilities Act ("ADA").

Plaintiff further alleges that during the dependency and TPR proceedings, Plaintiff was denied ADA-required supports, access to the record, timely rulings on dispositive motions, and the ability to meaningfully participate in hearings affecting her parental rights. These federal issues were not addressed in the state proceedings. On April 29, 2026, the Fifth District Court of Appeal issued a per curiam affirmance ("PCA") without opinion, leaving the federal questions unresolved.

Plaintiff seeks declaratory relief, injunctive relief, and damages for constitutional and statutory injuries caused by Defendant Anthony's actions, which are independent of the validity of the underlying TPR judgment.

Plaintiff also brings this action against the Florida Department of Children and Families ("DCF"), a public entity that exercised custody and medical-decision authority of Plaintiff's medically fragile infant during the dependency proceedings. Plaintiff alleges that DCF denied her meaningful access to medical information, participation in medical-care decisions, and the accommodations required under Title II of the ADA. These federal issues likewise remain unaddressed in the state proceedings.

Plaintiff seeks prospective and injunctive and declaratory relief against "DCF" under Title II of the ADA, including a stay of adoption authorization and an order requiring a comprehensive medical evaluation and ADA-compliant access to medical information.

Plaintiff expressly reserves the right to amend this Complaint to add additional facts, claims, and parties as discovery progresses and as permitted by Federal Rule of Civil Procedure 15.

## II. JURISDICTION AND VENUE

1. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because this action arises under the Constitution and laws of the United States, including the Americans with Disabilities Act ("ADA") and 42 U.S.C. § 1983.

2. Jurisdiction is also proper under 28 U.S.C. § 1343(a)(3)–(4) because Plaintiff seeks to redress the deprivation of federal rights under color of state law by

3

Defendant Anthony. Plaintiff's ADA Title II claims against Florida Department of Children and Families ("DCF"), arise under 28 U.S.C. § 1331.

3. Venue is proper in the Middle District of Florida under 28 U.S.C. § 1391(b) because the events giving rise to this action occurred in Volusia County, Florida, which lies within this District.

## III. PARTIES
### Plaintiff

1. Plaintiff St. Claire Dreka is a Florida resident and the biological mother whose dependency and termination-of-parental-rights proceedings were presided over by Defendant Joan Anthony.

2. Plaintiff is a qualified individual with a disability within the meaning of the Americans with Disabilities Act and requires accommodations to meaningfully participate in judicial proceedings and to access medical information concerning her medically fragile infant ("DD4").

3. Plaintiff seeks relief for federal statutory and constitutional violations independent of the validity of the underlying state-court judgment.

### Defendants

1. Defendant Joan Anthony is a state judicial officer who acted under color of state law. She is sued solely in her individual capacity for non-judicial and

4

administrative actions not protected by judicial immunity that deprived Plaintiff of rights secured by the Constitution and federal law.

2. Defendant Florida Department of Children and Families ("DCF") is a public entity within the meaning of Title II of the ADA. DCF exercised custody and medical-decision authority over Plaintiff's medically fragile infant and retains authority over adoption authorization and permanency decisions.

## IV. ROOKER–FELDMAN CLARIFICATION

1. Plaintiff does not seek reversal, modification, or invalidation of the dependency or termination-of-parental-rights judgment.

2. Plaintiff challenges independent federal violations committed by Defendant, including:

• structural judicial conflict,

• denial of ADA Title II accommodations,

• denial of meaningful access to the courts,

• failure to rule on dispositive motions,

• refusal to provide a neutral and impartial tribunal,

• procedural due-process violations, and

• non-judicial and administrative actions taken outside the scope of judicial immunity.

3. These claims challenge the constitutionality of the process, not the correctness of the state-court outcome.

4. Plaintiff's ADA Title II claim against DCF challenges DCF's independent conduct in denying access to medical information and participation in medical - care decisions; it does not seek

 review or reversal of the state-court dependency or TPR judgment.

5. The relief sought does not require disturbing, reversing, or modifying the state-court judgment.

6. This action falls squarely within *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280 (2005), because Plaintiff alleges injuries caused by Defendant's own conduct, not by the state-court judgment.

## V. ELEVENTH AMENDMENT CLARIFICATION

1. Plaintiff seeks no monetary relief from the State of Florida, any state agency, or any state official in an official capacity.

2. Plaintiff seeks damages only from Defendant Anthony in her individual capacity for actions taken under color of state law and outside the protection of judicial immunity.

3. Plaintiff seeks prospective injunctive and declaratory relief to prevent ongoing and future violations of federal rights.

4. Plaintiff's ADA Title II claim against DCF seeks only prospective injunctive and declaratory relief and does not seek monetary damages.

5. Judicial immunity does not apply to non-judicial or administrative actions, including:

6

- presiding while simultaneously a named federal defendant,

- creating or maintaining a structural conflict of interest,

- denying meaningful access to the courts,

- fails to provide ADA-required accommodations, or

- engaging in administrative or non-judicial conduct.

## VI. EXHAUSTION OF STATE REMEDIES

1. Plaintiff appealed the termination-of-parental-rights judgment to the Fifth District Court of Appeal.

2. On April 29, 2026, the Fifth DCA issued a per curiam affirmance ("PCA") without opinion.

3. Plaintiff remains within the fifteen-day rehearing window and intends to file motions for rehearing, rehearing en-banc, and written opinion. Because the PCA issued without opinion, the federal issues raised in this Complaint were not adjudicated in state proceedings, and no further state remedies exist with respect to the independent federal violations alleged.

## VII. FACTUAL ALLEGATIONS DEFENDANT ANTHONY

1. Plaintiff's four minor children, including a medically fragile infant, were removed February 1, 2024 by Florida Department of Children and Families ("DCF") from her Daytona Beach, Florida home.

2. On February 2, 2024, a shelter hearing, presided over by Judge Kathleen McNeilly, was held while plaintiff was at the Orlando advent children's hospital

meeting with surgeons to sign off on emergency brain surgery for her infant, ("DD4").

3. Plaintiff informed DCF, Child Protective Investigator, Daniella Knight-Tracey, on January 31. 2024 of the scheduled brain surgery.  Knight-Tracey documented the conflicting scheduling in a probable cause affidavit, but the court did not reschedule the initial shelter hearing for a later date.

4.At the February 2, 2024 hearing, presided over by Judge Kathleen McNeilly, Plaintiff was remotely represented by a disability attorney not licensed to practice law in the state of Florida.

5. At the end of the hearing, the court instructed Plaintiff's attorney to withdraw.

6. The February 5, 2024 transcript documents Judge McNeilly advised her judicial successor, Joan Anthony, outside of court hearings, that the Feb 2 hearing should be redone.

7. Plaintiff's request for a continuance to obtain proper representation for the Feb 5 hearing was ignored by Defendant Anthony.

8. On February 5, 2024, Defendant Anthony presided over Plaintiff's continued shelter hearing.

9. At the start of the February 5, hearing, the court discussed the February 2 counsel error while Dreka was locked out of the hearing due to 'Zoom" technical

8

difficulties. Dreka was not informed of the discussion when she remotely joined the call.

10. Defendant Anthony ignored Dreka's request to keep her video off during the hearing to keep her location private for domestic-violence safety reasons.

11. During the February 5 hearing, counsel John Glugover was appointed for Plaintiff in absentia. That appointed attorney did not appear, and Defendant Anthony directed an OCCR attorney who was representing the father, to simultaneously represent both parents, despite a known active conflict.

12. Plaintiff was a domestic-violence victim in her estranged husband's active criminal case. Defendant Anthony did not conduct a conflict inquiry during the hearing and Plaintiff did not waive her right to conflict-free counsel.

13. The February 5, 2024 hearing transcript reflects that the substitute OCCR attorney informed Defendant Anthony during the hearing he could not represent both parents due to a conflict of interest. Anthony ignored the conflict and directed him to represent Plaintiff without inquiry or waiver.

14. Defendant Anthony denied Plaintiff ADA accommodations necessary for meaningful participation, including remote access, access to the electronic court file, and the ability to participate in hearings and review filings while she was pro se.

9

15. Defendant Anthony prevented Plaintiff from disclosing domestic-violence information relevant to the shelter determination during the February 2, February 5, and July 22, 2024 dependency hearings and Sept 25-26, 2025 TPR hearings.

16. On or about May, 9, 2024, DCF attorney John Glugolver warned Plaintiff she would never see her children again if she did not sign a consent to dependency form. He also warned her not to disclose she was the victim of domestic violence.

17. On May 9, 2024, Plaintiff was presented with a consent document on an electronic device ("an IPAD") by DCF's contracted case manager, Shayla Rodney.

18. Plaintiff was told to draw a line with her finger and sign without knowing or counsel present. The consent document contained altered fields and omitted the attorney signature block.

19. Rodney later attached a notarization certificate that Plaintiff had never seen or signed.

20. Plaintiff was not given a copy of the consent form.

21. The altered consent form was filed into the case by DCF attorney Angela Hendry without an attorney signature.

22. On May 30, 2024, Defendant Anthony issued a nunc pro tunc order retroactively appointing John Glugover as counsel for the February 5 hearing, even though he was not present and did not represent Plaintiff.

23. Plaintiff was not served with the "Order on Conflict" nunc pro tunc order

24. On July 22, 2024, Plaintiff informed Defendant Anthony that she had been coerced into signing the May 9, 2024 consent form under duress and without counsel present. Plaintiff attempted to explain that she had been threatened, pressured, and prevented from understanding the document. Defendant did not conduct any inquiry into voluntariness and asserted that Plaintiff had "verbally agreed" to dependency despite the absence of any signed or negotiated case-plan contract.

25. Defendant Anthony failed to rule on multiple dispositive motions, including Plaintiff's Motion to Vacate Dependency, objections to the nunc pro tunc order, and ADA-related motions for online court access and visitation filed while Plaintiff was pro se.

26. Defendant Anthony allowed the proceedings to continue despite altered documents, missing filings, missing medical and domestic violence investigation reports, and manipulated record entries.

27. Plaintiff did not have access to the dependency case file or electronic record throughout the proceedings and during the appeal, and she informed Defendant

11

Anthony that she could not access court orders or filings without ADA accommodations. Defendant Anthony ignored these ADA requests.

28. Plaintiff filed motions requesting Defendant Anthony to rule on her twenty-four substantive undocketed filings.

29. On August 20, 2025, Defendant Anthony became a named federal defendant in Plaintiff's civil-rights lawsuit, but continued to preside over Plaintiff's dependency case and the September 2025 TPR hearing without disclosure, conflict inquiry, or recusal.

30. Defendant Anthony denied Plaintiff's motions for a continuance after her counsel withdrew ten days prior to the September 25-26, 2025TPR trial.

31. Defendant Anthony denied Plaintif's motions for court-appointed counsel for the TPR trial

32. Defendant Anthony did not rule on Defendants motion to present witnesses during the TPR trail

33. During the September 25, 2024, TPR hearing, Plaintiff, representing herself pros se, attempted to question the foster caregiver regarding her medically fragile infant's feeding and medical care. Defendant Anthony interrupted Plaintiff and repeatedly threatened to "tape shut [her] mouth," preventing Plaintiff from completing her questions. The threats and interruptions denied

Plaintiff's ability to present evidence, advocate for her child's medical needs, and meaningfully participate in the proceeding.

A. **Suppression and Deletion of Critical Filings**

34. During the dependency proceedings, Plaintiff submitted multiple filings necessary for the protection of her children, including domestic-violence evidence, the completed Florida Unified Home Study, the June 17, 2024 Easter Seals oral-motor evaluation, and emergency medical-risk motions.

35. These filings were deleted, refused, or never docketed by the Seventh Judicial Circuit and were not transmitted to the Fifth District Court of Appeal.

36. The Seventh Judicial Circuit clerk and court personnel did not notify Plaintiff when the filings were deleted or refused, did not provide reasons for the deletions, and did not offer reasonable modifications to ensure her filings were accepted.

37 As a result, Plaintiff's case proceeded on an incomplete record that excluded safety-critical evidence, kinship placement information, and medical-safety documentation impairing her ability to participate in the dependency proceedings and her appeal.

38. The deletion and suppression of Plaintiff's filings prevented her from presenting safety-critical information and denied her meaningful access to the dependency proceedings and appellate process.

13

39. E-service links to sealed permanency orders could not be accessed by Plaintiff without online access credentials.

## VIII. Additional Factual Allegations Involving the Florida Department of Children and Families ("DCF")

1. DCF exercised custody and medical-decision authority over Plaintiff's medically fragile infant during the dependency proceedings.

2. Devereux behavioral-assessment reports authored by licensed mental-health counselors (LMHCs) were used in place of medical evaluations to direct medical care for the infant, DD4.

3. Key medical documents—including qualified medical evaluations—were missing, altered, or never docketed, including a clinically qualified oral-motor evaluation completed by Easter Seals on June 17, 2024.

4. The June 17, 2024 Easter Seals evaluation documenting swallow capacity and feeding readiness was never provided to Plaintiff, was not filed into the dependency case, and was not used to guide feeding or G-tube management.

5. DCF's Child Protective Team and case mangers Shayla Rodney and Latoya Elliot, relied on the LMHC's behavioral report to make medical-related decisions for the infant.

6. The LMHC's behavioral reports interpreted medical information outside the LMHC's statutory scope of practice and relied on foster-caregiver lay observations

14

to asses swallow capacity, resulting in the denial of Plaintiff's request for G-tube weaning assessment.

7. Devereux behavioral assessment reports were used for all four of Appellant's children, and in each report, an LMHC interpreted medical information or made medical-related recommendations outside the LMHC's statutory scope of practice.

8. On or about January 30, 2026, Plaintiff's infant underwent emergency brain surgery. Plaintiff received no notice of the surgery despite being the legal parent and despite her appeal of the termination order being pending.

9. DCF paperwork completed by the contracted case manager in connection with the surgery stated that Plaintiff's parental rights had been terminated, although the termination order was on appeal and therefore not final under Florida law.

10. As a result, Appellant was denied all medical updates, preventing her from participating meaningfully in medical-care decisions.

11. Medical records dated March 25, 2025 attached to behavioral assessment reports filed by DCF reflect that the infant DD4 was taken to a genetics consultation where whole-exome sequencing and chromosomal microarray testing were ordered. At the time, Plaintiff's parental rights were intact. The testing was performed based on foster-caregiver consent alone, and Plaintiff was not notified of the procedure. No court order was issued authorizing genetic testing.

15

12. After the record was transmitted, Plaintiff's mother, Participant Whelan, filed emergency medical-related motions in the lower tribunal seeking access to medical information. The lower tribunal clerk deleted these filings without notice or ruling, stating that Whelan was not a party.

13. Whelan also submitted dv-related safety motions which were also deleted by the court clerk.

14. DCF exercises statutory authority over adoption authorization, permanency decisions, and medical-care coordination for children in its custody.

## A. Hearing Exclusion and Denial of Access to Proceedings

15. DCF held multiple permanency hearings and advanced adoption recommendations while Plaintiff was left in the virtual waiting room and not admitted into the proceedings.  ·

## B. Denial of Access to the Record and Critical Evidence

16. DCF and the Seventh Circuit provided Plaintiff with thumb drives that contained and incomplete, missing, or defective record—and she had no access to the full record before the appeal.

## IX. SUMMARY OF FEDERAL INJURIES

Plaintiff suffered federal injuries arising from (1) Defendant Anthony's structural conflict of interest, denial of ADA accommodations, failure to provide conflict-free counsel, refusal to rule on dispositive motions, and obstruction of Plaintiff's ability to participate in hearings; and (2) DCF's denial of access to medical information, reliance on non-medical behavioral assessments to direct medical care, failure to provide qualified medical evaluations, suppression of

medical records, unauthorized genetic testing, and misrepresentation of Plaintiff's parental-rights status. These injuries are independent of the validity of the state-court dependency and TPR judgment and remain unremedied by the state proceedings.

## X. CLAIMS FOR RELIEF

### COUNT I — Procedural Due Process (42 U.S.C. § 1983)

### Against Defendant Anthony (Individual Capacity Only)

1. Plaintiff realleges Section VII (Factual Allegations) solely to the extent the paragraphs identified below apply to Defendant Anthony.

2. Defendant Anthony acted under color of state law.

3. Plaintiff has a protected liberty interest in the care, custody, and management of her children.

4. Plaintiff has a constitutional right to notice and a meaningful opportunity to be heard.

5. Defendant Anthony deprived Plaintiff of procedural due process through the following actions:

• denying conflict-free counsel (¶¶4-7, 11-13),

• appointing counsel in absentia (¶11),

• ignoring an actual conflict of interest (¶¶12-13),

• refusing to continue hearings despite Plaintiff's inability to participate (¶¶2–3, 7, 9),

• conducting proceedings while Plaintiff was locked out (¶9)

• preventing Plaintiff from presenting evidence (¶¶15, 24, 33),

17

- failing to rule on dispositive motions (¶25, 28),

- allowing proceedings to continue despite altered and missing records and irregular record entries (¶¶18-21, 26),

- refusing to inquire into coercion regarding consent (¶24)

- allowing the proceedings to continue despite Plaintiff's filings being deleted, refused, or not docketed by court personnel. including domestic-violence evidence, the completed home-study, the June 17, 2024 Easter Seals evaluation, and emergency medical-risk motions (¶¶34-38).

- depriving Plaintiff of notice and the ability to respond by issuing sealed permanency orders that Plaintiff could not access through the e-service links provided (¶39).

6. These actions deprived Plaintiff of notice, a meaningful opportunity to be heard, meaningful participation and a neutral decision-maker.

7. Defendant Anthony's failure to ensure Plaintiff's filings were accepted or transmitted deprived Plaintiff of meaningful participation and the ability to present evidence necessary for the protection of her children.

8. Defendant Anthony's conduct caused constitutional injury independent of the state-court judgment.

9. Plaintiff seeks damages against Defendant Anthony in her individual capacity.

**Relief Requested**: declaratory relief, injunctive relief, and compensatory damages.

**COUNT II — Denial of Access to Courts (42 U.S.C. § 1983)**

**Against Defendant Anthony (Individual Capacity Only)**

1. Plaintiff has a constitutional right of access to the courts.

18

2. Plaintiff realleges in Section VII (Factual Allegations) solely to the extent the paragraphs identified below apply to Defendant Anthony.

3. Defendant Anthony, acting under color of state law in her administrative and non-judicial capacities, denied Plaintiff meaningful access to the courts by:

• proceeding while Plaintiff was locked out of hearings (¶9),

• denying Plaintiff the ability to review filings and orders necessary to participate in the proceedings (¶14, ¶27),

• preventing Plaintiff from presenting evidence (¶¶15, 24, 33),

• failing to rule on motions necessary to preserve issues for appeal (¶¶ 25, 28),

• allowing proceedings to continue despite irregular, missing, or undocketed filings (¶26),

• allowing Plaintiff's filings to be deleted, refused, or not docketed by court personnel, resulting in an incomplete record and preventing Plaintiff from preserving issues for appeal (¶¶ 34-38).

• issuing sealed permanency orders and providing e-service links that Plaintiff could not access without online access credential, preventing her from reviewing the orders or participation in subsequent proceedings (¶39).¶

4. These actions hindered Plaintiff's ability to pursue legal remedies and preserve constitutional claims.

5. Defendant Anthony's conduct caused injury independent of the state-court-judgement.

6. Plaintiff seeks damages against Defendant Anthony in her individual capacity.

**Relief Requested**: declaratory relief, injunctive relief, and compensatory damages.

**COUNT III — Structural Judicial Conflict (42 U.S.C. § 1983)**

19

**Against Defendant Anthony (Individual Capacity Only)**

1. Plaintiff realleges Section VII (Factual Allegations) solely to the extent the paragraphs identified below apply to Defendant Anthony.

2. Defendant Anthony acted under color of state law.

3. On August 20, 2025, Defendant became a named federal defendant in Plaintiff's civil-rights action.

4. Despite this dual status, Defendant Anthony continued to preside over Plaintiff's dependency and TPR proceedings, including the September 2025 TPR hearing, without disclosure, conflict inquiry, or recusal (¶29).

5. This structural conflict deprived Plaintiff of a neutral and impartial tribunal and violated clearly established due-process rights.

6. Defendant Anthony's conduct was administrative and non-judicial, and therefore not protected by judicial immunity.

7. Defendant Anthony's conduct caused constitutional injury independent of the state-court judgement.

**Relief Requested**: declaratory relief, injunctive relief, and compensatory damages.

## COUNT IV – STATE-CREATED DANGER (42 U.S.C. § 1983)

**Against Defendant Anthony (Individual Capacity Only)**

1. Plaintiff realleges Section VII (Factual Allegations) solely to the extent the paragraphs identified below apply to Defendant Anthony.

2. Defendant Anthony acted under color of state law.

3. Defendant Anthony's actions affirmatively increased Plaintiff's vulnerability to harm by:

• preventing disclosure of domestic-violence information safety information (¶15),

• ignoring Plaintiff's request to keep her location private for safety reasons (¶10),

• forcing conflicted representation (¶¶ 11-13),

• refusing to rule on safety-related motions (¶¶ 25, 28),

• allowing proceedings to continue despite irregular, altered or missing records (¶¶ 26).

• allowing Plaintiff's filings to be deleted, refused, or not docketed by court personnel impairing Plaintiff's ability to present safety-critical information (¶¶ 34-38).

4. Defendant Anthony acted with deliberate indifference to Plaintiff's safety and constitutional rights.

5. Plaintiff suffered constitutional injury independent of the state-court judgment.

6. Plaintiff seeks damages against Defendant Anthony in her individual capacity. acted with deliberate indifference to Plaintiff's safety and constitutional rights.

**Relief Requested**: declaratory relief, injunctive relief, and compensatory damages.

**COUNT V — ADA Title II**

**Against the Florida Department of Children and Families (Prospective Relief Only)**

1. Plaintiff realleges Section VIII (Factual Allegations Department of Children and Families) solely to the extent the paragraphs identified below apply to Defendant DCF.

2. Defendant "DCF" is a public entity within the meaning of Title II, 42 U.S.C. § 12131(1).

3. DCF exercised custody and medical-decision authority over Plaintiff's medically fragile infant and controlled access to medical information necessary for Plaintiff's participation.

4. Plaintiff is a qualified individual with a disability.

5. Plaintiff required accommodations to access medical information and participate in medical-care decisions for her medically fragile infant.

6. DCF denied Plaintiff meaningful access by:

• withholding medical records and qualified medical evaluations (¶¶3–4, 10);

• relying on behavioral assessments outside LMHC scope of practice in place of medically required evaluations (¶¶2, 5, 7);

• failing to provide the June 17, 2024 Easter Seals swallow-capacity evaluation (¶¶3–4);

• authorizing emergency surgery without notice (¶8);

• misrepresenting Plaintiff's parental-rights status in medical paperwork (¶9);

• permitting unauthorized genetic testing without parental consent or a court order (¶11);

• relying on lower-tribunal deletions of medical-related filings submitted by Participant Whelan (¶¶12–13);

• failing to provide accessible virtual links for staffing and case-plan meetings (¶39);

• leaving Plaintiff in virtual waiting rooms and refusing to admit her to meetings (¶15);

• excluding Plaintiff from permanency hearings while DCF advanced adoption recommendations (¶15).

7. These actions excluded Plaintiff from participation in medical-care decisions and denied her the benefits of DCF's services.

8. Plaintiff seeks prospective injunctive and declaratory relief, including:

• a stay of adoption authorization,

• a comprehensive medical evaluation by qualified specialists,

• access to all medical records,

• ADA-compliant participation in medical-care decisions.

**COUNT VI — Rehabilitation Act §504 (29 U.S.C. § 794)**

Against the Florida Department of Children and Families (Prospective Relief and Damages)

23

1. Plaintiff realleges Section VIII (Factual Allegations — Department of Children and Families) solely to the extent the paragraphs identified below apply to Defendant DCF.

2. Defendant DCF is a program or activity receiving federal financial assistance within the meaning of §504 of the Rehabilitation Act, 29 U.S.C. § 794(b).

3. Plaintiff is a qualified individual with a disability within the meaning of §504.

4. Plaintiff was eligible to participate in, and entitled to benefit from, DCF programs, services, and activities, including but not limited to:

• case-plan development,

• medical-decision participation,

• staffing meetings,

• permanency planning,

• access to medical information,

• access to case records,

• and access to services related to the care of her medically fragile infant.

5. DCF excluded Plaintiff from participation in federally funded programs and activities solely by reason of disability, including by:

• withholding medical records and qualified medical evaluations (¶¶3–4, 10);

• relying on behavioral assessments outside LMHC scope of practice in place of medically required evaluations (¶¶2, 5, 7);

• failing to provide the June 17, 2024 Easter Seals swallow-capacity evaluation (¶¶3–4);

24

• authorizing emergency surgery without notice (¶8);

• misrepresenting Plaintiff's parental-rights status in medical paperwork (¶9);

• permitting unauthorized genetic testing without parental consent or a court order (¶11);

• relying on lower-tribunal deletions of medical-related filings submitted by Participant Whelan (¶¶12–13);

• failing to provide accessible virtual links for staffing and case-plan meetings (¶39);

• leaving Plaintiff in virtual waiting rooms and refusing to admit her to meetings (¶15);

• excluding Plaintiff from permanency hearings and case-planning activities solely by reason of disability (¶15).

6. DCF's actions and omissions were intentional and taken with deliberate indifference to Plaintiff's federally protected rights.

7. As a direct and proximate result of DCF's violations of §504, Plaintiff suffered exclusion from critical decision-making processes, loss of access to medical information, inability to participate in case-plan development, and ongoing harm to her parental rights.

Relief Requested: declaratory relief, injunctive relief, and compensatory damages.

**XI.  Prospective Injunctive Relief Sought Under Ex parte Young**

1. Plaintiff seeks prospective injunctive relief requiring Defendant Anthony in her administrative and non-judicial capacity, to reinstate and docket all flings previously deleted, refused, or suppressed in the dependency case, including

25

domestic-violence investigation and reports, the completed Florida Home Study, the June 17, 2024 Easter Seals oral-motor evaluation, and Plaintiff's emergency medical-risk motions. Plaintiff further seeks and order requiring Defendant Anthony to transmit the reinstated filings to the Fifth District Court of Appeal as part of the appellate record, ensuring meaningful access to the dependency proceedings.

2. This relief is prospective, administrative, and necessary to remedy ongoing ADA Title II access-to-courts violations and to ensure Plaintiff's continued access to the dependency proceedings.

## XII. PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests that this Court enter judgment in her favor and grant the following:

1. Issue a Temporary Restraining Order preventing the Florida Department of Children and Families ("DCF"), its officers, agents, employees, and those acting in concert with it, from authorizing, approving or finalizing any adoption or permanency action involving Plaintiff's four minor children while this federal action is pending.

2. Issue a Temporary Restraining Order requiring "DCF" to obtain and provide a comprehensive medical evaluation for the medically fragile infant, DD4, including the June 17, 2024 Easter Seals oral-motor evaluation and all medical

26

records necessary for Plaintiff's meaningful participation in medical-care decisions.

3. Issue preliminary and permanent injunctive relief requiring defendants to comply with Title II of the ADA, including:

• reinstatement and docketing of Plaintiff's deleted or refused filings,

• transmission of the reinstated filings to the Fifth District Court of Appeal,

• meaningful access to court records and filings,

• ADA-compliant access to the medical information and participation in medical care decisions,

• prospective relief ensuring Plaintiff is not subjected to a structural conflict of interest.

4. Enter a declaratory judgment that Defendant's actions violated:

• Title II of the Americans with Disabilities Act,

• the Fourteenth Amendment right to procedural due process,

• the constitutional right of access to the courts.

5. Award compensatory damages against Defendant Anthony in her individual capacity proper under 42 U.S.C. § 1983 and other applicable law.

6. Award such other further relief as the Court deems just and proper.

7. Plaintiff seeks no monetary relief from the State of Florida or any state agency.

## XIII. JURY DEMAND

27

1. Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,


/s/: St. Claire Dreka

Pro Se Plaintiff
433 Vermont Ave.
Daytona Beach, FL 32118
Tel: (802) 772-1403
Email:
classiccurvescloset@gmail.com

Date: May 3, 2026

28

## Certificate of Compliance with Local Rule 1.08

I hereby certify that this Response complies with the formatting requirements of Local Rule 1.08 in font Times New Roman in size 14 of the United States District Court for the Middle District of Florida, including font style, size, spacing, and margin specifications. The word count is 3,906.

## Certificate of Service

I hereby certify that on May 3, 2026 I served a true and correct copy of the foregoing Response to Motion to Dismiss on the following parties via method U.S. Mail.

- Florida Department of Children and Families ("DCF")

  Sued for injunctive and declaratory relief only
  Service under Fed. R. Civ. P. 4(j)(2)

Service:
Secretary Taylor N. Hatch
In her official capacity as Secretary of the Florida Department of Children and Families
2415 North Monroe Street, Suite 400
Tallahassee, FL 32303-4190

Defendant Joan Anthony
sued in her individual capacity
c/o Seventh Judicial Circuit
Seve. C. Henderson Judicial Center
125 E. Orange Ave., Room 106
Daytona Beach, FL 32114

/s/ St. Claire Dreka, Pro Se Plaintiff
433 Vermont Ave.
Daytona Beach, FL 32118
Tel: (802) 391-4388
Email: classiccurvescloset@gmail.com

Date: May 3, 2026